**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **ANIMAL LEGAL DEFENSE FUND, INC.,** |
| |
| Plaintiff, |
| |
| v. |
| |
| **THOMAS J. VILSACK, et al.,** |
| |
| Defendants. |

Case No. 16-cv-00914 (CRC)

**<u>MEMORANDUM OPINION</u>**

The United States Department of Agriculture ("USDA") is in the midst of an

administrative enforcement action against a family-owned zoo in Iowa for alleged violations of

the Animal Welfare Act.  The Animal Legal Defense Fund ("ALDF"), which has long criticized

the zoo's care and handling of its animals, sought to intervene in that proceeding but was

prevented from doing so by the presiding administrative law judge.  After the agency Judicial

Officer upheld the ALJ's decision on the grounds that the ALDF's stated interests were beyond

the scope of the proceeding, ALDF challenged the Judicial Officer's ruling in this Court.  It

principally contends that the Judicial Officer's decision was contrary to Section 555(b) of the

Administrative Procedure Act ("APA"), which allows "interested persons" to participate in

agency proceedings "so far as the orderly conduct of public business permits."  Both sides now

move for summary judgment.

The Court finds that ALDF's demonstrated interest in the welfare of the zoo's animals

falls squarely within the scope of the USDA enforcement proceeding.  The Judicial Officer's

finding to the contrary was therefore arbitrary and capricious under the APA.  Because the

Judicial Officer did not address whether ALDF's participation would otherwise impede "the

orderly conduct of public business," there is no basis in the record to uphold the denial of its

motion to intervene under APA Section 555(b).  The Court will, accordingly, grant ALDF's

motion, vacate the Judicial Officer's ruling, and remand the case to the agency for a more

thorough consideration of ALDF's motion in light of factors relevant to third-party participation

in agency proceedings under Section 555(b).

## I.       Background

The Animal Welfare Act of 1966 ("AWA"), 7 U.S.C. § 2131 *et seq.*, establishes

minimum standards for the humane care and treatment of animals that are exhibited to the public.

The USDA, through the Animal and Plant Inspection Service ("APHIS"), licenses animal

exhibitors under the AWA and enforces compliance with the Act's care and treatment standards.

A.R. 4.

The Cricket Hollow Zoo is a family-owned menagerie in Manchester, Iowa.  The zoo has

custody of some 200 animals, including lions, tigers, and bears.  A.R. 74.  Since obtaining its

exhibitor license from APHIS in 1994, the zoo has had a checkered history of compliance with

the AWA.  In 2004, APHIS issued an "Official Warning" to the zoo for failing to maintain

adequate shelter and wholesome food supplies for its animals.  Id. at 81.  The zoo subsequently

paid two separate monetary penalties to settle alleged AWA violations stemming from periodic

APHIS inspections.  A.R. 5.

In 2014, ALDF brought separate lawsuits against Cricket Hollow and USDA.  The

former alleged that the zoo had violated the Endangered Species Act's prohibition on the

"taking" of protected animals.  See Compl., Kuehl v. Sellner, 14-cv-2034 (N.D. Iowa June 11,

2014).  The suit against USDA challenged AHPIS's continued renewal of Cricket Hollow's

exhibitor license in light of the zoo's habitual non-compliance with the AWA.  See Compl.,

ALDF v. Vilsack, 14-cv-1462 (D.D.C. Aug. 25, 2014).  A fellow judge of this Court ultimately

resolved that suit in USDA's favor, holding that the agency lawfully adopted and applied a

license renewal scheme that does not condition renewal on an exhibitor's compliance with the

AWA's animal welfare standards.  See ALDF v. Vilsack, 169 F. Supp. 3d 6, 8 (D.D.C. 2016).[1]

While ALDF's suit against the Department was pending, APHIS initiated the present

enforcement action against the zoo.  APHIS re-alleged many of the same violations it had

previously cited, and further accused the zoo of willfully violating AWA provisions and

associated regulations pertaining to veterinary care.  A.R. 5.  ALDF sought to participate in the

enforcement action by offering to provide APHIS attorneys with evidence generated from

discovery in ALDF's Endangered Species Act litigation against the zoo.  A.R. 121–22.  APHIS

declined the offer, contending that it was inappropriate given ALDF's pending lawsuit against

APHIS over its renewal of Cricket Hollow's license.

Thus rebuffed, ALDF filed a motion to intervene in the enforcement proceeding.

A.R. 50.  ALDF based its motion on Section 555(b) of the APA, which allows "interested

persons" to participate in agency proceedings "so far as the orderly conduct of public business

permits."  5 U.S.C. § 555(b).  The presiding administrative law judge denied the motion.  A.R.

126–27.  In a brief opinion, the ALJ noted that the authority to find violations of the AWA and

impose appropriate penalties "rests solely with the Secretary [of Agriculture]."  Id. at 126.

Intervention by ALDF, the ALJ continued, "would interfere with that authority."  Id.

ALDF appealed the ALJ's ruling to USDA's Judicial Officer.  In addition to arguing that

the ALJ erred in denying intervention under Section 555(b) of the APA, ALDF also maintained

that it was entitled to intervene under APA Section 554(c)—which permits "interested parties" to

---

[1] That ruling is currently on appeal to the D.C. Circuit.

intervene in formal agency adjudications—and under USDA's Rules of Practice Governing

Formal Adjudicative Proceedings ("Rules of Practice").  A.R. 132.

The Judicial Officer denied ALDF's administrative appeal.  With respect to intervention

under Section 555(b), he ruled that, even assuming ALDF was an "interested person," its

appearance in the proceeding would disrupt "the orderly conduct of public business."  A.R. 216.

Echoing the reasoning of the ALJ, the Judicial Officer explained that the purpose of the

enforcement proceeding was solely to determine whether the zoo violated the AWA and, if so,

what the proper sanction should be.  Id.  ALDF's "stated interests," in his view, were "beyond

the scope of this proceeding."  Id.  Moving to intervention under APA § 554(c), the Judicial

Officer found that because ALDF was not "entitled as a matter of right to be admitted as a party"

to the proceeding, it had not met the APA's definition of "party," see APA § 551(3), and

therefore was not an "interested party" as required for the intervention under Section 554(c).  Id.

at 215.  Finally, the Judicial Officer concluded that USDA's Rules of Practice "do not explicitly

provide for intervention by third parties, and the Judicial Officer has long held that [they] do not

provide for intervention by third parties."  Id. at 217.  ALDF then filed suit in this Court

challenging the Judicial Officer's rulings, and both sides now move for summary judgment.

## II.     Legal Standards

Summary judgment may be granted if "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  A fact is material if it is capable of affecting the outcome of litigation.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).  A dispute is genuine if the evidence is such

that a reasonable jury could return a verdict for the non-moving party.  Id.

Summary judgment is the proper stage for determining whether, as a matter of law, an

agency action is supported by the administrative record and is consistent with the APA.

Richards v. INS, 554 F.2d 1173, 1777 (D.C. Cir. 1977).  The APA provides that "[t]he reviewing

court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law . . . ."  5

U.S.C. § 706(2)(A).  Arbitrary and capricious review is "narrow."  Citizens to Preserve Overton

Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971).  The Court is not to "substitute its judgment for

that of the agency."  Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,

463 U.S. 29, 43 (1983).  Rather, the Court must determine whether the agency "examine[d] the

relevant data and articulate[d] a satisfactory explanation for its action including a rational

connection between the facts found and the choice made."  Id.  But even if the agency did not

fully explain its decision, the Court may uphold it "if the agency's path may reasonably be

discerned."  Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285–86

(1974).  The Court's review is limited to the administrative record, Holy Land Found. For Relief

and Dev. V. Ashcroft, 333 F.3d 156, 160 (D.C. Cir. 2003), and the party challenging an agency's

action bears the burden of proof, City of Olmstead Falls v. Fed. Aviation Admin., 292 F.3d 261,

271 (D.C. Cir. 2002).

## III.    Discussion

ALDF's summary judgment motion challenges the Judicial Officer's decision as arbitrary

and capricious and contrary to law under Section 706(2) of the APA.  The organization advances

three primary arguments in support of its motion:  First, ALDF maintains that it is an "interested

person" under APA § 555(b), and that the Judicial Officer erred in finding that its participation

under § 555(b) would disrupt the orderly conduct of public business.  Second, it argues that the

Judicial Officer incorrectly applied the APA's definition of "party" in concluding that ALDF

could not intervene as an "interested party" under APA § 554(c).  Finally, it asserts that the

Judicial Officer's observation that it "has long held that [USDA's] Rules of Practice do not

provide for intervention by third parties" amounted to an impermissible "categorical ban on third

party participation" in USDA proceedings.  Pl.'s Mem. Supp. Mot. Summ. J. ("MSJ") 4.

A.  Section 555(b)

Section 555(b) of the APA is the provision most frequently invoked by third parties

seeking to participate in agency proceedings.  See Jeffrey D. Litwack, A Guide to Federal

Agency Adjudication 73 (2d ed. 2012).  It provides that "[s]o far as the orderly conduct of public

business permits, an *interested person* may appear before an agency or its responsible employees

for the presentation, adjustment, or determination of an issue, request, or controversy in a

proceeding, whether interlocutory, summary, or otherwise, or in connection with an agency

function."  5 U.S.C. § 555(b) (emphasis added).  Section 555(b) applies to "all forms of agency

action."  Friends of the Bow v. Thompson, 124 F.3d 1210, 1220 (10th Cir. 1997); see also Block

v. SEC, 50 F.3d 1078, 1085 (D.C. Cir. 1995) ("[Section] 555(b) is universally understood to

establish the right of an interested person to participate in an on-going agency proceeding.").

The APA does not define the term "interested person."  The D.C. Circuit has held that an

individual or organization with standing to seek judicial review of an agency's decision "clearly

qualifies as an 'interested person' who normally may intervene in the administrative

proceeding."  Nichols v. Bd. of Trustees of Asbestos Workers Local 24 Pension Plan, 835 F.2d

881, 896 (D.C. Cir. 1987).  But Article III standing is not required.  "Federal agencies may, and

sometimes do, permit persons to intervene in administrative proceedings even though these

persons would not have standing to challenge the agency's final action in federal court."

Envirocare of Utah, Inc. v. Nuclear Regulatory Comm'n, 194 F.3d 72, 74 (D.C. Cir. 1999); see

also id. ("Agencies, of course, are not constrained by Article III of the Constitution; nor are they

governed by judicially-created standing doctrines restricting access to federal courts. The criteria

for establishing 'administrative standing' therefore may permissibly be less demanding than the

criteria for 'judicial standing.'") (citations omitted).

A lower threshold for participation under § 555(b) comports with "the important role

played by citizens['] groups in ensuring compliance with the statutory mandate that [agency

proceedings] serve the public interest." Bilingual Bicultural Coalition on Mass Media, Inc. v.

FCC, 595 F.2d 621, 624 n.4 (D.C. Cir. 1978).  Indeed, the D.C. Circuit has recognized that

intervenors representing the public interest "must not be treated as interlopers." Id. (quoting

Office of Communication of the United Church of Christ v. FCC, 425 F.2d 543, 546 (D.C. Cir.

1969)).  Because nearly every agency decision—including those made by the agency in

individual adjudications—implicates public policy, broad participation in agency proceedings,

and thus a more expansive interpretation of "interested person" in § 555(b), is often necessary.

See Charles H. Koch Jr., Administrative Law and Practice § 5.20 (3d ed. 2010).

The Judicial Officer assumed that ALDF was an "interested person" for purposes of his

decision, but did not make that finding explicitly.  A.R. 216.  ALDF refers to itself as "a national

non-profit organization dedicated to protecting animals, including animals exhibited by zoos and

menageries." A.R. 50 ("ALDF Mot. Intervene").  The organization further contends that it "has

a longstanding interest in the problem of captive animal mistreatment at roadside zoos, generally,

and specifically at Cricket Hollow Zoo." Id. at 55.  ALDF also represents that it "has spent

extensive time, money, and other resources" on lawsuits against the Cricket Hollow Zoo and the

USDA. Id. at 55; Compl., ALDF v. Vilsack, 14-cv-1462 (D.D.C Aug. 25, 2014) (alleging that

USDA's renewal of the zoo's license violated the AWA); Compl., Kuehl v. Sellner, 14-cv-2034

(N.D. Iowa June 11, 2016) (alleging that the zoo's treatment of animals violated the Endangered

Species Act). Based on these uncontested representations, the Court easily finds that ALDF

qualifies as an "interested person" under § 555(b).

But as the preamble to § 555(b) suggests, agencies have broad discretion to limit the

participation of interested individuals and organizations in agency proceedings. Even if ALDF

qualifies as an "interested person," it "had a right to intervene only if [its] participation in the

administrative process dovetailed with the 'orderly conduct of public business.'" Nichols, 835

F.2d at 897 (quoting 5 U.S.C. § 555(b)). Courts have interpreted this qualifying language as

"accord[ing] agencies broad discretion in fashioning rules to govern public participation." Id.

Indeed, many agencies have adopted rules governing third-party intervention. See, e.g., 49

C.F.R. § 1113.7 (Surface Transportation Board rule providing that "[l]eave to intervene will be

granted only when the [would-be intervenor] addresses issues reasonably pertinent to the issues

already presented and which do not unduly broaden them"). USDA, however, appears not to

have promulgated any such rules, and as the Judicial Officer noted, its Rules of Practice are

silent on intervention governing formal adjudications. A.R. 217. Thus, ALDF's right to

participate here is governed by § 555(b) itself and cases interpreting it, rather than by agency

regulations or guidance.

When considering requests to intervene under § 555(b), courts "have for the most part

permitted denials [of intervention] . . . when, for example, other parties to the proceeding

adequately represent the would-be intervenor's viewpoint or intervention would broaden unduly

the issues considered, obstruct or overburden the proceedings, or fail to assist the agency's

decisionmaking." Nichols, 835 F.3d at 897. The D.C. Circuit has cautioned, however, that "[a]s

a general rule . . . courts will not rubberstamp a challenged denial based merely upon an assertion

of justification, especially if the agency contends simply that intervention would prove

impermissibly dilatory or burdensome." Id.  The agency must refrain from employing its

discretion "in an unreasonably overbroad or otherwise arbitrary manner." Id.

Again, the Judicial Officer found that ALDF's participation in the Cricket Hollow

proceeding would "disrupt the orderly conduct of public business." A.R. 216.  The sole reason

offered for that conclusion was that "[ALDF]'s stated interests . . . are beyond the scope of [the]

proceeding." Id.   That a third-party's interests exceed the scope of the relevant proceeding is a

valid ground for denying intervention. See Nichols, 835 F.2d at 897.  The question here,

however, is whether the Judicial Officer's finding in that regard is supported by the record that

was before him.  The Judicial Officer did not identify what ALDF's "stated interests" were in the

Cricket Hollow enforcement action.  But ALDF's Motion to Intervene revealed at least three.

First, ALDF sought to intervene to compel the agency to rescind the zoo's exhibitor

license due to its repeated violations of the AWA's animal welfare standards.  A.R. 51–53

("Mot. Intervene").  As noted above, however, USDA maintained the position that its regulatory

scheme for renewing licenses, which does not require a zoo to comply with the AWA, was

permissible under the AWA—a view that has since been vindicated by a federal court. ALDF v.

Vilsack, 169 F. Supp. 3d 6, 17 (D.D.C. 2016).  The administrative renewal of the zoo's license

was thus indeed beyond the scope of the enforcement proceeding.

But ALDF also identified two other interests in the proceeding, namely a general interest

in animal welfare and a specific interest in the health and treatment of the animals at the Cricket

Hollow Zoo.  A.R. 55 ("Mot. Intervene").  These combined interests, which the agency does not

dispute, appear to be squarely implicated by the enforcement proceeding.  They would be

impaired if APHIS failed to prove the alleged violations or negotiated a settlement that did not provide for the adequate care of the zoo's animals, or if the ALJ imposed a penalty that did not sufficiently sanction the zoo's conduct. The Judicial Officer's failure to identify, let alone consider, this rather obvious alignment of interests was arbitrary and capricious.

Having found that ALDF's interests were beyond the scope of the proceeding, the Judicial Officer had no occasion to analyze whether the organization's participation would otherwise impede "the orderly course of public business." As discussed above, courts and commentators have identified a range of factors that agencies typically consider in making that determination, including: the nature of the contested issues; the prospective intervenor's precise interest; the adequacy of representation provided by the existing parties to the proceeding; the ability of the prospective intervenor to present relevant evidence and argument; the burden that intervention would place on the proceedings; and the effect of intervention on the agency's mandate. See Nichols, 835 F.2d at 897; Koch, supra, at § 5.20.

Several of these considerations appear relevant here. As an individualized enforcement action against a single respondent, the nature of the proceeding is more targeted in nature than, say, a formal rulemaking or licensing proceeding that affects a wide range of consumers and competitors. As the ALJ noted, the purpose of such proceedings is simply to determine whether the respondent violated the law and, if so, what remedy should follow. The usefulness of appearances by third parties to weigh in on the broader economic or policy implications of the agency's action is limited. Yet, there may be occasions where a third party can offer relevant evidence as to liability or expertise with respect to appropriate remedies, as ALDF claims is the case here.

Relatedly, agencies themselves are usually best equipped to enforce their own regulations. When that is so, it may be that the agency can adequately represent the interests of would-be intervenors. The Government devotes considerable attention in its briefs before this Court trying to debunk ALDF's contention that APHIS has failed to vigorously enforce the AWA's animal care standards against the zoo in the past and, therefore, cannot be trusted to do so in the present enforcement proceeding. The Government may be correct. But the ALJ or Judicial Officer should consider that issue in the first instance.

Finally, the agency should consider the extent to which ALDF's participation would assist its decision making. ALDF contends, for example, that it has helpful evidence concerning the nature of the zoo's handling of animals, which agency lawyers rejected, and can provide useful input on fashioning an appropriate remedy for any violations found. ALDF's input might well be original and beneficial. On the other hand, it might be entirely duplicative of the agency's existing evidence and remedial capabilities. But it is not a priori "irrelevant" as the ALJ found in denying ALDF's motion to intervene. A.R. 126–27.

It bears repeating that participation in agency proceedings under Section 555(b) does not necessarily entail full-fledged party intervention. Rather, agencies have ample "authority to shape the manner in which intervenors will participate." Nichols, 835 F.2d at 897 n.115. Should the agency here find that some degree of participation by ALDF would be consistent with the "orderly conduct of public business," it may reasonably limit and direct the manner of that participation in consideration of all relevant factors.

Accordingly, the Court will vacate the Judicial Officer's ruling and remand the case to the agency for consideration of ALDF's motion in light of factors relevant to participation under APA § 555(b).

B.  APA Section 554(c)

APA Section 554(c), which applies only to formal adjudications, provides:

> The agency shall give all interested parties opportunity for—the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment when time, the nature of the proceeding, and the public interest permit; and to the extent that the parties are unable so to determine a controversy by consent, hearing and decision on notice and in accordance with sections 556 and 557 of this title.

5 U.S.C. § 554(c).  ALDF contends in its summary judgment motion that the Judicial Officer

erred in finding that it did not qualify as an "interested party" entitled to intervene under APA §

554(c).  Pl.'s MSJ 25–26.  Even though APHIS enforcement proceedings have all the hallmarks

of formal adjudication, the government takes the position in its cross-motion for summary

judgment that Section 554(c) does not apply to enforcement proceedings under the AWA

because the statute does not *require* USDA to conduct formal adjudications.  Def.'s CMSJ 16–

17.[2]  Accepting that proposition in its Reply brief, ALDF invites the Court to "decide the

intervention issue solely on the basis of section 555(b) and whether ALDF sufficiently qualifies

as an 'interested person.'"  Pl.'s Reply 13.  Accordingly, the Court need not consider the Judicial

Officer's determination that ALDF is not an "interested party" under Section 554(c).

C.  The Judicial Officer's Interpretation of the USDA Rules of Practice

Finally, ALDF challenges the Judicial Officer's determination that ALDF could not

intervene under the USDA Rules of Practice.  See Pl.'s MSJ 30.  ALDF argues that the Judicial

Officer's finding constitutes an unlawful blanket prohibition on third-party participation in

USDA proceedings, in violation of sections 554(c) and 555(b).  Courts have indeed interpreted

these provisions to prevent an agency from imposing a "flat ban" on third-party participation in

agency proceedings.  See Nichols, 835 F.2d at 898.  But the Judicial Officer's interpretation of

---

[2] The Court takes no position on this issue, the resolution of which is not self-evident.

the Rules of Practice does no such thing.  As USDA observes, the Judicial Officer only

addressed the Rules of Practice because ALDF had argued that they provide a separate basis for

intervention, *in addition to* sections 554(c) and 555(b) of the APA.  A.R. 148–49.  The Judicial

Officer disagreed, noting that "while the Rules of Practice do not explicitly foreclose

intervention, [they] do not explicitly provide for intervention by third parties, and the Judicial

Officer has long held that [they] do not provide for intervention by third parties."  A.R. 217.

Facially, at least, this statement is not an outright ban because it was directed to ALDF's

alternative argument that intervention was permitted under the Rules.  In other words, even if the

Rules of Practice do not allow for third-party intervention, a third party can still participate under

sections 554(c) and 555(b) so long as the would-be intervenor meets the requirements of those

provisions.  In this case, the Judicial Officer appears to have considered each ground for relief

separately.  See A.R. 218 ("[T]he Administrative Procedure Act does not require that the Chief

ALJ allow the Animal Legal Defense Fund to intervene in this proceeding and neither the

Animal Welfare Act nor the Rules of Practice provide for intervention.").  Thus, the Court

construes the Judicial Officer's opinion not as a flat ban on third-party participation, but rather as

an application of the relevant statutory standards to this specific case.  The Court therefore holds

that this finding was not arbitrary, capricious, or contrary to law.

**IV.     Conclusion**

For the foregoing reasons, the Court will grant ALDF's Motion for Summary Judgment and deny USDA's Cross-Motion for Summary Judgment.  The Court hereby vacates the Judicial Officer's decision, and remands the case back to USDA for further consideration of ALDF's Motion to Intervene consistent with this opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  \_\_February 15, 2017_____