UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **ANIMAL LEGAL DEFENSE FUND, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **SONNY PERDUE, Secretary of Agriculture, and UNITED STATES DEPARTMENT OF AGRICULTURE**, <br> Defendants. |

Case No. 16-914 (CRC)

## OPINION AND ORDER

For the reasons set forth below, Plaintiff's motion for attorneys' fees and costs is granted in the amount of $12,169.14.

### I. Background

In July 2015, the U.S. Department of Agriculture's ("USDA") Animal and Plant Health Inspection Service ("APHIS") filed an enforcement action against the owner of the Cricket Hollow Zoo in Manchester, Iowa. The plaintiff in this case, Animal Legal Defense Fund ("ALDF"), moved to intervene in that administrative proceeding but its motion was denied by the presiding administrative law judge. ALDF then appealed that decision to the agency's Judicial Officer. The Judicial Officer denied the appeal on three grounds: *first*, that ALDF's "stated interests . . . [were] beyond the scope of [the] proceeding" and thus its intervention "would disrupt the orderly conduct of public business" under section 555(b) of the Administrative Procedure Act ("APA"); *second*, that ALDF was not an "interested party" as required for intervention under APA section 554(c); and *third*, that the USDA's Rules of Practice do not provide for intervention. February 15, 2017 Memorandum Opinion ("Mem. Op.") at 4.

In May 2016, ALDF filed this lawsuit, arguing that the Judicial Officer's decision was arbitrary and capricious and contrary to law under APA section 706(2). The complaint consisted of

two counts.  In the first count, ALDF alleged that the Judicial Officer's interpretation of the agency's Rules of Practice amounted to a "blanket prohibition" on third-party participation in administrative proceedings in violation of sections 554(c) and 555(b) of the APA.  Compl. ¶¶ 90-95.  In the second count, ALDF alleged that it was an "interested person" under APA section 555(b), and that the Judicial Officer erred in finding otherwise on the ground that its participation would disrupt the orderly conduct of public business.  Compl. ¶ 97.  ALDF also argued in count two that the Judicial Officer incorrectly applied the APA's definition of "party" in concluding that ALDF could not intervene as an "interested party" under APA section 554(c).  Compl. ¶ 98.

The Court granted ALDF's motion for summary judgment in a February 15, 2017 Memorandum Opinion.  The Court rejected the Judicial Officer's finding that ALDF's interests were beyond the scope of the proceeding.  And because the Judicial Officer did not otherwise address how ALDF's participation might impede the proceeding, the Court remanded the case "for a more thorough consideration of ALDF's motion in light of the factors relevant to third-party participation in agency proceedings under [APA] Section 555(b)."  Mem. Op. at 2.  ALDF had abandoned its "interested party" claim under APA section 554(c), and the Court rejected ALDF's argument that the Judicial Officer's finding constituted an unlawful blanket prohibition on third-party participation in USDA proceedings.  Mem. Op. at 12–13.

Plaintiff now seeks $20,359.60 in attorneys' fees and $605 in costs as a prevailing party in this action, plus an additional $3,988.68 in attorneys' fees for time spent litigating its fee petition.

## II. Legal Standard

The Equal Access to Justice Act ("EAJA") directs courts to award attorneys' fees and expenses to parties who prevail in civil actions against the United States if the government's position was not "substantially justified."  28 U.S.C. §§ 2412(a)(1), (d)(1)(A).  If the government's position was not "substantially justified," see Role Models Am., Inc. v. Brownlee, 353 F.3d 962

2

(D.C. Cir. 2004), the prevailing party is entitled to a reasonable fee award. The "most useful starting point for determining the amount of a reasonable fee," Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), is the "lodestar figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate," Murray v. Weinberger, 741 F.2d 1423, 1427 (D.C. Cir. 1984). However, if a plaintiff prevails on only some of its claims, a court can adjust the fee award to reflect the relative degree of the plaintiff's success. See George Hyman Constr. Co. v. Brooks, 963 F.2d 1532, 1535 (D.C. Cir. 1992).

## III. Analysis

### A. Prevailing Party

The government acknowledges that ALDF is a prevailing party within the definition of 28 U.S.C. § 2412(a)(1). Defendant's Opposition to Plaintiff's Motion for Attorney's Fees ("Def. Opp.") at 5. The Court therefore need not address this requirement.

### B. Substantial Justification

The government argues that ALDF is not eligible for a fee award because the government's position was "substantially justified." Def. Opp. at 5–10. In order to meet this standard, the government must demonstrate the reasonableness of both its litigation position and the agency position being challenged. Role Models Am., Inc. v. Brownlee, 353 F.3d 962 (D.C. Cir. 2004). A position is "substantially justified" if it has "a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552 (1988).

While it may have been reasonable for the Justice Department to continue defending the agency's position in this case, that position was not itself reasonable. The Judicial Officer found that ALDF's participation in the proceeding would "disrupt the orderly conduct of public business" because ALDF's interests were "beyond the scope of the proceeding." Mem. Op. at 4. But, as the Court held, ALDF's "*obvious* alignment of interests"—a general interest in animal welfare and a

specific interest in the treatment of animals at Cricket Hollow Zoo—fell "*squarely within* the scope of the USDA enforcement proceeding." Mem. Op. at 1, 9–10 (emphasis added). Especially given section 555(b)'s low threshold for third party participation, the agency's position did not have a "reasonable basis in both fact and law." Pierce, 487 U.S. at 565. As a result, the government has not met its burden of demonstrating that *both* its position and the underlying agency action were justified, and a fee award is warranted.

    C.    Reasonableness of Fees

        1.    Reasonable Hourly Rate

The EAJA imposes a cap of $125 on the hourly rate for which an attorney may be compensated unless an increase in the cost of living in the relevant jurisdiction justifies a higher fee. See 28 U.S.C. § 2412(d)(2)(A). Here the government agrees that ALDF's requested hourly rates— $197.13 for Washington D.C. lawyers in 2016, $198.20 for Washington, D.C. lawyers in 2017, and $192.68 for San Francisco, California lawyers in 2016—are "consistent with what is permitted under EAJA." Def. Opp. at 18 n.5.

        2.    Reasonable Number of Hours

The Court must next determine the "numbers of hours reasonably expended." Hensley, 461 U.S. at 433. ALDF's counsel claim 103.26 hours spent on the case and 20.25 hours spent litigating the fee petition. After carefully reviewing Plaintiff's affidavits and time records, the Court finds that this time was reasonably expended.

Although five attorneys worked on this case, the Court finds that the tasks they performed were appropriate for the litigation. The Court also discerns no instances of unrelated or duplicative work, unnecessary pleadings, manufactured disputes, or excessive time spent on tasks. In fact, it

4

appears that counsel is seeking fewer hours than the billing records account for.[1]  See Hensley, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .").

The government objects to hours spent by attorneys while they did not formally appear in the case. In particular, the government argues that attorney Daniel Lutz's hours should be reduced to reflect only the time he was counsel of record in this case, as opposed to time spent after he left ALDF for other employment. However, the government cites no persuasive authority to support this proposition. Legal staff need not formally appear in a case in order to claim time for purposes of a fee petition. Indeed, prevailing parties can recover paralegal fees, see Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571 (2008), and associates often bill time for cases in which they are not counsel of record. See Curry v. A.H. Robins Co., 101 F.R.D. 736, 738 (N.D. Ill. 1984) ("For purposes of recovering attorneys' fees, there is no principled distinction between attorneys who are counsel of record and those who are not."). The fact that Mr. Lutz changed employers and was no longer counsel of record while continuing to work on the case is not dispositive of whether he rendered legal services to ALDF that are subject to the fee shifting provision of the EAJA. His uncontested declaration states that he continued to represent ALDF, and his contemporaneous time records support that assertion. Mot. for Attorneys' Fees, Ex. A, Attachment 1 (Lutz Decl.).

Finally, ALDF seeks fees for time spent litigating its fee application. The government counters that some of the time entries could have been filed in the initial application, and are thus untimely. The Court concludes that Plaintiff is entitled to reasonable fees for time spent litigating

---

[1] Mr. Lutz, for instance, excised many entries from his billing records, while Katherine Meyer requests only 7.66 hours of the 15.83 hours she spent on the matter, presumably only including time spent on the federal court case (rather than the administrative proceeding) and successful motions.

its fee application, and those hours were properly included in Plaintiff's supplemental application. See Cinciarelli v. Reagan, 729 F.2d 801, 809 (D.C. Cir. 1984).

D. Adjustment for Degree of Success

The government argues that Plaintiff's fee should be reduced to reflect Plaintiff's "limited degree of success" in the case. Def. Opp. at 18–20. The Court agrees, and will reduce the fee award by fifty percent.

Where, as here, a plaintiff does not prevail on all of its claims, the Court must allocate fees based on the relative degree of the plaintiff's success. Hensley "provided for a two-step inquiry" to guide this determination: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" George Hyman Constr. Co. v. Brooks, 963 F.2d 1532, 1535 (D.C. Cir. 1992) (quoting Sierra Club v. EPA, 769 F.2d 796, 801 (D.C. Cir. 1985)).

ALDF's complaint included two distinct claims: (1) that the Judicial Officer's decision amounted to a "blanket prohibition" on interested person participation and (2) that it was entitled to intervene in the proceeding as either an "interested party" or an "interested person" whose participation would not interfere with the orderly conduct of public business. Compl. ¶¶ 89–99. The Court found that the Judicial Officer erred in denying intervention as an interested person under section 555(b). The Court did not, however, agree with Plaintiff that the Judicial Officer's opinion imposed a "flat ban" on third-party participation—an argument that consumed a significant portion of summary judgment briefing—and ALDF abandoned its "interested party" claim. Nor, stepping back, did the Court award ALDF the ultimate ruling it sought: participation as an intervenor in the underlying proceeding. See Compl. Prayer for Relief ¶ 3. Rather, the Court simply remanded the action to the agency for further consideration of the "interested person" intervention factors. Based

on both of these considerations, the Court finds that a fifty percent reduction in the fee award, to $12,169.14, fairly accounts for Plaintiff's overall level of success in the litigation.

### E. Timeliness of Costs Motion

Finally, the government argues that ALDF's request for $605 in costs is untimely. Def. Opp. at 20–21. The Court agrees. The EAJA sets a 30-day limit for filing a "fees and expenses" application, with "expenses" meaning the reasonable expenses of expert witnesses. 28 U.S.C. §§ 2412(d)(1)(b), 2412(d)(2)(a). Applications for costs, on the other hand, are governed by 28 U.S.C. § 2412(d)(1)(a), which does not specify a deadline. And the D.C. Circuit has explicitly held that in the absence of a statutory deadline, the deadline to request costs is governed by the applicable procedural rule. Haselwander v. McHugh, 797 F.3d 1, 2 (D.C. Cir. 2015). Here, the applicable rule is Local Rule 54.1(a), which states that a "bill of costs must be filed within 21 days after entry of judgment . . . unless the time is extended by the court." D.D.C. Local Rule 54.1(a). Therefore, the Court must deny ALDF's application for costs as untimely because it was filed more than 21 days after the final judgment, and ALDF neither requested nor received an extension of that deadline.[2]

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [30] Plaintiff's Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART. It is further

**ORDERED** that Plaintiff be awarded $12,169.14 in fees and $0 in costs.

---

[2] To be sure, Plaintiff filed a motion for extension of time, but that motion only asked for an extension related to "fees and *expenses*." In any case, the extension request itself was filed after the deadline to file a bill of costs.

This is a final, appealable order.

**SO ORDERED**.

                                                                    CHRISTOPHER R. COOPER
                                                                     United States District Judge

Date: February 16, 2018